CHIQUÉS, PLAINTIFF AND APPELLANT, v. DIEZ, MUNICIPAL JUDGE, ET AL., DEFENDANTS AND APPELLEES (SANTIAGO, INTERVENOR AND APPELLEE).

APPEAL from the District Court of Humacao in Certiorari Proceedings.

MOTION by Intervenor and Appellee for Dismissal of the Appeal.

No. 1779.—Decided March 14, 1918.

APPEAL—STATEMENT OF CASE.—The striking out of the statement of the case from the transcript of the record by order of the trial court is no ground for dismissal of the appeal, for the lack of a statement of the case is not a sufficient legal reason therefor.

ID.—TRANSCRIPT OF RECORD.—Even when a transcript of the record is filed after the time prescribed by law, it is sufficient to defeat a motion to dismiss made after the filing of the transcript.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Mr. Rafael Arce* for the appellees.

*Mr. M. Tous Soto* for the intervenor.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a certiorari proceeding brought before the District Court of Humacao by Miguel Chiqués against Ricardo Diez, judge of the Municipal Court of Caguas, and others for a review of the proceedings in the said municipal court for the execution of the judgment rendered in an action for damages brought by Miguel Santiago against Chiqués, the Humacao court dismissed the petition on November 14, 1917.

Miguel Chiqués appealed to this court from the said decision, having filed the notice of appeal in the District Court of Humacao on December 13, 1917.

On January 14, 1918, Miguel Santiago moved this court to dismiss the appeal because the transcript of the record had not been sent up and no extension of time for doing so had been asked for. The motion was overruled on January 31 on the ground that there was nothing to show that there

was a statement of the case for the purpose of enabling the court to determine whether or not the time for filing the transcript had expired.

On February 5, following, the transcript of the record, including a statement of the case approved by the Humacao court on January 3, 1918, was filed in the office of the clerk of this court.

On February 27 Miguel Santiago moved that the order of January 31 be reconsidered; that the statement of the case be stricken from the transcript of the record, and that consequently the appeal be dismissed, since the Humacao court, by its order of February 16, had held that it should be stricken from the original record because there was no evidence which could form material for the statement of the case and therefore the transcript had not been filed within the legal period, which should be counted from the date on which the appeal was taken.

We understand that although the Humacao court ordered the statement of the case to be stricken from the original record and therefore it should be considered as stricken from the transcript, this does not warrant a dismissal of the appeal, for, as repeatedly held by this court, the lack of a statement of the case is not a sufficient legal ground for such dismissal and the last motion for dismissal having been made after the transcript of the record had been filed, although not within the legal period, that fact operates as an effective bar to sustaining the motion, according to Rule 58 of this court and the settled jurisprudence on this point. And the first motion for dismissal cannot be taken into account, for it was overruled by an order of January 31, which we cannot reverse by reason of facts arising subsequent to its entry.

For the foregoing reasons the statement of the case should be considered as stricken from the transcript of the record and the motion for dismissal should be

*Overruled.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.